IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROY J. MEYERL,

      Plaintiff,                        16cv0027
                                         ELECTRONICALLY FILED
      v.

CARRINGTON MORTGAGE COMPANY,

      Defendant.

## Memorandum Order on Motions in Limine

This is an action brought under the Fair Credit Reporting Act (FCRA) 15 U.S.C. 1681, *et. seq*. Plaintiff Roy J. Meyerl brings claims against Defendant Carrington Mortgage Company ("Carrington"), a mortgage servicer, for alleged violations of the FCRA. Plaintiff alleges that Defendant wrongfully reported a discharged loan as late and carrying a balance due, and not as discharged. As a result, Plaintiff's credit profile was inaccurate, and he suffered consequent harm in that he was unable to secure a construction loan to build a home. Accordingly, Plaintiff claims that Defendant failed to conduct a reasonable investigation, in violation of 15 U.S.C. § 1681s-2(b), and that he is entitled to punitive damages pursuant to 15 U.S.C. § 1681n(a). Defendant has denied those allegations. A jury trial of this matter is scheduled for March 13, 2017. Pending before this Court are the parties Motions in Limine (doc. 44, 46 and 47) and responses in opposition thereto (doc. 45 and 48).

## Plaintiff's Motion In Limine to Exclude Introduction of Irrelevant Evidence and Preclude Improper Arguments (doc. 44)

Plaintiff files a Motion in Limine seeking to exclude evidence or argument: (1) that Plaintiff previously had a lawsuit against Equifax; (2) that any note existed after 2006; (3) that

1

Plaintiff was late on any payments made after 2006; and/or, (4) that Plaintiff's payment in return for Carrington's Satisfaction of Mortgage in 2016 was an admission that the noted existed or that he was personally obligated to pay the same. The Court agrees that, with the exception of number 3 (evidence of history of late mortgage payments after 2006), all of the matters listed above are not relevant, would unduly complicate and confuse the issues before the jury, and inject issues that would cause unfair prejudice to Plaintiff.[1] Accordingly, Plaintiff's Motion in Limine ([doc. 44](doc. 44)) is GRANTED as to arguments (1)(2) and (4) and DENIED WITHOUT PREJUDICE as to (3).

### Defendant's Motion in Limine ([doc. 46](doc. 46)) Seeking to Exclude Purported Expert Opinion Regarding Psychological Damages

Defendant files a Motion in Limine ([doc. 46](doc. 46)) seeking to exclude the purported expert opinion of Chris McConville regarding alleged psychological damage suffered by Plaintiff as a result of Defendant's actions. In Mr. McConville's report, a purported expert on credit reporting, he also renders what appears to be an "expert" opinion on the alleged psychological damages of Plaintiff. In his deposition, Mr. McConville explained that he is not a trained psychologist and has no medical background. On this basis, Defendant seeks to preclude any testimony regarding alleged psychological effects of the alleged actions of Defendant on Plaintiff. Federal Rule of Evidence 702(a) permits the testimony of an expert so long as they have scientific, technical or other specialized knowledge that will help the finder of fact to determine a factual issue.

The Court rules that while Mr. McConville may testify regarding issues surrounding credit reporting, he is not qualified to venture an expert opinion on any alleged psychological

---

[1] On the current record, the Court finds that Defendant is not precluded from introducing evidence of post-bankruptcy late payments on the Plaintiff's *mortgage* (regardless of discharge on the Note), because it may be relevant to the issue of causation on liability. The Court will deny the Motion in Limine on this point, without prejudice for Plaintiff to re-raise this issue, with appropriate citation to authority, by addressing the distinction (if any) between the Note being discharged and any continuing obligation on the mortgage. Any such renewed Motion in Limine shall be filed by noon on 2/10/17.

impact on Plaintiff. While Plaintiff himself, and others, can testify as a fact witness regarding Plaintiff's alleged psychological impact of the alleged actions of Defendant under Fed. R. Evid. 701, Mr. McConville may not do so without crossing an impermissible boundary between expert opinion and lay testimony. This Court therefore GRANTS Defendant's Motion in Limine ([doc. 46](#)).

## **Defendant's Motion in Limine ([doc. 47](#)) Seeking to Exclude Purported Expert Opinion Regarding Loan Denials**

Defendant moves to exclude expert testimony of. Mr. McConville regarding the Plaintiff's loan denials and his proffered expert opinion that the conduct of Defendant was a causal factor in Plaintiff being denied access to a construction loan during the relevant time period. While Defendant argues that the opinion of Mr. McConville regarding the reason for the loan denial was based purely upon speculation and conjecture, this Court disagrees. Instead, the Court finds that this expert testimony passes muster under Fed. R. Evid. 702, as it will assist the trier of fact on a matter upon which Mr. McConville possesses sufficient facts or data and is the product of reliable principles and methods. *Daubert v. Merrell Dow Pharmaceuticals*, Inc., 509 U.S. 579 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999). The Court finds that Mr. McConville, who has been employed in the mortgage industry for over 24 years, possesses the requisite knowledge about which factors a lending institution will use when deciding whether to approve or deny a credit application, and he may testify as an expert as to causation issues. The fact that Mr. McConville did not review the deposition testimony of third party lenders, or the documents related to Plaintiff's actual credit application, goes to the weight of the evidence. As Plaintiff notes, although Mr. McConville did not possess the actual credit applications, he

already had in his possession and did review Plaintiff's credit history.  Additionally, as Plaintiff point out, all of the depositions taken in this case occurred after Mr. McConville issued his report.  For these reasons, this Court DENIES Defendant's Motion in Limine ([doc. 47](doc. 47)).

The parties shall refile the joint proposed exhibit list incorporating these rulings by noon on 2/10/17.

**SO ORDERED** this 8th day of February, 2017.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge