IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROY J. MEYERL
   Plaintiff,

      v.

CARRINGTON MORTGAGE
SERVICES LLC.,
   Defendant.

         16cv00027
         **ELECTRONICALLY FILED**

### Order on Renewed Motion in Limine (as to evidence of post-Bankruptcy late payments)

Currently pending before this Court is Plaintiff's Renewed Motion in Limine (doc. 60) and Defendant's Response in Opposition thereto (doc. 65). Plaintiff challenges the relevance of testimony/argument relating to any late payments on his mortgage made following his Bankruptcy discharge. The basic facts reveal that in February 2004, Carrington was assigned a mortgage on property purchased by Plaintiff located in Cowansville, Pennsylvania. Plaintiff filed for Chapter 7 Bankruptcy in October of 2005, and the United States Bankruptcy Court, in April of 2006, discharged Plaintiff's debts including the loan which was assigned to Carrington. In December of 2008,[1] the parties reached a Loan Modification Agreement modifying Plaintiff's monthly payment effective December 1, 2008 and the agreement stated "If you have filed for protection nothing contained herein or in the Loan Modification Agreement is intended to . . . imply, indicate, require, mandate or otherwise suggest that You are personally liable under the Note, the Mortgage or the Loan Modification Agreement."

---

[1] Although the dates on the Loan Modification state 2008, the Acknowledgement is dated November 15, 2006.

1

The Court preliminary ruled that, on the current record, the evidence of late payments *may* be relevant to the issue of causation, and Denied said Motion in Limine without prejudice to a renewed Motion in Limine to be filed by 2/10/17, with proper citation of authority. On February 9, 2017 Plaintiff filed the instant Renewed Motion in Limine with Brief in Support (doc. 60 and 61), and on February 13, 2017, Defendant responded thereto (doc. 65).

After further briefing on the Renewed Motion in Limine regarding whether late payments after the 2006 Bankruptcy should be introduced as evidence, the Court finds that the relevance of this information has not been established by Defendant at this time. Although the Court has not foreclosed reconsideration of this potential evidence during trial, should Plaintiff "open the door" to this type of testimony, at this juncture, the Court finds that whether Plaintiff was late or timely on these payments is not relevant to issue of whether Defendant reasonably investigated Plaintiff's dispute, would cause unfair prejudice to Plaintiff, would most definitely confuse the issues and mislead the jury.

This case is not about the timing of any post discharge payments; instead, it is about whether the payments or balance information should have been reported to the credit agencies at all. To allow this evidence would amount to a trial within a trial and the case law cited by Plaintiff, albeit not binding, is instructive.

Plaintiff acknowledges that the *Horsch v. Wells Fargo Home Mortgage*, 94 F.Supp.3d 665 (E.D. Pa. 2015) line of cases, which is the only case within this Circuit on this issue, relate to the flip situation where the consumer wanted mortgage payments reported following a bankruptcy and the Courts held that such a reporting was not proper under the FCRA. See, *Schueller v. Wells Fargo & Co.,* 559 F. Appx. 733 (10th Cir. 2014) cert. denied, ––– U.S. –––, 135 S.Ct. 275 (2014), *Horsch v. Wells Fargo Home Mortgage,* 94 F.Supp.3d 665 (E.D.

Pa. 2015); *Tyson v. Nationstar Mortgage, LLC*, 2016 WL 3348400, at *7 (E.D. Mo. June 16, 2016) and *Groff v. Wells Fargo Home Mortgage*, 108 F.Supp. 3d 537 (E.D. Mich. 2015).

In *Horsch*, the homeowners tried to argue the amount due on the mortgage instrument, although *in rem*, was the respective mortgage balance that was reportable, as well as their payments made post-bankruptcy. 94 F.Supp.3d at 674-5. But, as the Court noted,

> by acknowledging that the amount due on the mortgage is in rem, plaintiffs concede the central point: in the eyes of the law, any future action to collect on the debt would be against the property, not the property holder. See Black's Law Dictionary 700 (8th ed.2005) (defining "judgment in rem" as "[a] judgment that determines the status or condition of property and that operates directly on the property itself."). **The debt should not be included on the borrower's credit report, therefore, because a person's credit report by definition provides information about the debts owed by that person.**

*Id.* (Emphasis added).

The facts of this dispute instead fall under another line of cases where the consumer filed suit after their credit reports allegedly inaccurately reported the status of the discharged debts and subsequent payments made. This Court finds the case law to be instructive on the point. See, *Twomey v. Ocwen Loan Servicing, LLC*, 2016 WL 4429895, (N.D. Ill. Aug. 22, 2016) (finding reporting a post-discharge positive balance, past due amount, and a monthly payment obligation are viable claims under the FCRA); *Jackson v. Experian Info. Sols., Inc.*, 2016 WL 2910027, at *2, (N.D. Ill. May 19, 2016) (denying a motion to dismiss when a report showed a post-discharge scheduled payment amount and payment received); *Asufrin v. Roundpoint Mortg. Servicing Corp.,* 2016 WL 1056669, (N.D. Ill. Mar. 17, 2016) (rejecting defendant's argument that there were no inaccuracies when the credit reports reflected "the subject debt had an account balance and scheduled payments with amount specified after the subject debt was discharged"), and *Freedom v. Citifinancial, LLC*, 2016 WL 4060510, (N.D. Ill. July 25, 2016) (reporting a

post-discharge scheduled payment is inaccurate under the FCRA). Specifically, in *Twomey v. Ocwen Loan Servicing, LLC*, 2016 WL 4429895, (N.D. Ill. Aug. 22, 2016), the Court found, albeit at the Motion to Dismiss stage, that reporting a post-discharge positive balance, past due amount, and a monthly payment obligation are viable claims under the FCRA.[2]

The Court hereby GRANTS Plaintiff's Renewed Motion in Limine (doc. 60) on the issue of late payments after 2006 on the mortgage. All other aspects of the rulings on the Motion in Limine (doc. 58) remain intact.

**SO ORDERED** this 13th day of February, 2017.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

---

[2] In Defendant's Brief in Opposition (doc. 65), Defendant contends primarily that this evidence goes to damages (as an alternative cause of Plaintiff's claimed emotional distress) and credibility of Plaintiff.